IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-49-BO-BM

| | |
|---|---|
| ANTINETTE BENSON,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )　　ORDER<br>) |
| SECURITAS SECURITY SERVICES,<br>　　　　Defendant. | )<br>)<br>) |

This cause comes before the Court on defendant's motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) and plaintiff's motion for appointment of counsel and motion for extension of time. The time for responding to the motions has expired, no responses have been filed, and all are ripe for ruling.

Plaintiff has filed an employment discrimination action against defendant. [DE 5]. Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed" if the contents of the pleading are too vague to compose an adequate response. Fed. R. Civ. P. 12(e). The Court has reviewed the motion and plaintiff's *pro se* complaint and agrees that the contents are too vague to permit defendant to compose an adequate response. Plaintiff shall file an amended complaint which answers each of the sections set out in the form employment discrimination complaint, including the dates of her employment, a specific statement as to why she contends that her employment ended, the specific individual(s) who were involved in the alleged discrimination, and a description of her disability and whether it is associated with complications from bariatric surgery or the COVID-19 vaccine. Plaintiff shall further attach to her amended complaint all documentation related to her EEOC charge.

Plaintiff's motion for appointment of counsel is denied. In a civil case, there is no constitutional or statutory right to appointment of counsel, and the Court will only appoint counsel in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not established exceptional circumstances to warrant court-appointed counsel and her motion is therefore denied.

Plaintiff's motion for extension of time is also denied. Plaintiff seeks more time on her case against defendant. The Court cannot discern the precise relief sought by plaintiff, and thus denies her motion without prejudice.

## CONCLUSION

In sum, for the foregoing reasons, defendant's motion for more definite statement [DE 10] is GRANTED. Plaintiff shall file an amended complaint consistent with the above not later than April 29, 2024. Failure to comply with this deadline may result in dismissal of this case. Plaintiff's motion for appointment of counsel [DE 12] is DENIED and plaintiff's motion for extension of time [DE 13] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 25 day of March 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE