IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-49-BO-BM

ANTINETTE BENSON,  )
        Plaintiff, )
         )
v. )     ORDER
         )
SECURITAS SECURITY SERVICES, )
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted.

BACKGROUND

On February 3, 2023, plaintiff, proceeding *pro se*, commenced this action by filing a motion to proceed *in forma pauperis* and attaching a complaint. [DE 1]. The motion to proceed *in forma pauperis* was granted and plaintiff's complaint was filed. [DE 4, 5]. Defendant appeared and filed a motion for more definite statement under Fed. R. Civ. P. 12(e). [DE 10]. Plaintiff filed a motion to appoint counsel. [DE 12]. Defendant's motion was granted, and plaintiff was provided until April 29, 2024, to file an amended complaint. The Court denied plaintiff's request for appointment of counsel. [DE 15].

On April 26, 2024, plaintiff filed a document styled as a letter to the District Court of Wake County. [DE 16]. The Court construes this document as plaintiff's amended complaint. In her amended complaint, plaintiff alleges as follows:

> I am writing to address the discrimination I experienced during my employment at Securitas Security Services, specifically concerning my disability and the failure to accommodate my needs related to Irritable Bowel Syndrome (IBS). As you are aware, I began my employment with Securitas Security Services on August 1st, 2019, and my tenure ended on December 7th, 2022. Throughout my time at the company, I encountered challenges related to my disability, which significantly impacted my ability to fulfill my duties promptly and maintain regular attendance. My disability, severe Irritable Bowel Syndrome, is a medically recognized condition that results in frequent gastrointestinal distress and recurring flare-ups. Despite providing documentation of my condition and requesting reasonable accommodations, I faced discrimination from management, including Fred Starr, the site supervisor, and Jeff Brenn, the District Manager. Rather than receiving the necessary support and accommodations to enable me to perform my job effectively, I encountered hostility, skepticism, and ultimately, punitive actions. This treatment created a hostile work environment and exacerbated the difficulties I faced due to my disability.

[DE 16 at 1]. Plaintiff requests that defendant take steps to rectify the situation, including providing appropriate training to staff on disability rights and the Americans with Disabilities Act, implementing policies and procedures to prevent future discrimination, offering plaintiff appropriate compensation for the distress and harm she has experienced due to discriminatory treatment, and taking proactive steps to create a more supportive and inclusive work environment. *Id.* at 2.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

2

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Plaintiff's factual allegations are comprised of conclusory statements that she suffered discrimination because of her irritable bowel syndrome (IBS) and that defendant failed to provide her with reasonable accommodations after she requested them. Construed liberally, plaintiff's complaint alleges claims for discrimination, failure to accommodate, and hostile work environment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.

To establish a *prima facie* claim of disability discrimination under the ADA, an individual must show that: (i) he was a qualified individual with a disability under the ADA; (ii) he suffered an adverse employment action; (iii) his performance at the time met the legitimate expectations of his employer; and (iv) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Pickering v. Va. State Police*, 59 F.Supp.3d 742, 748 (E.D. Va. 2014). A qualified individual is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

A claim for failure to accommodate under the ADA requires the claimant demonstrate: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform

3

the essential functions of the position; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir 2013) (cleaned up, citation omitted). To establish an ADA hostile work environment claim, a plaintiff must ultimately prove: "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001).

While a plaintiff does not need to plead facts which would establish a prima facie case of ADA discrimination to survive a motion to dismiss, she must "allege facts to satisfy the elements of a cause of action created by [the] statute." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, "reference to the elements of a[n ADA] claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

Plaintiff's bare-bones allegations fail to allege facts which would support the elements of her claims. For example, plaintiff alleges that her tenure of employment by defendant ended on December 7, 2022; plaintiff does not allege that she was terminated from her employment, demoted, or suffered any other adverse employment action. Plaintiff further does not allege that she was meeting defendant's legitimate expectations, what the essential functions of her position were, or what reasonable accommodations she requested. *See Brown v. N. Carolina Dep't of Adult Correction*, No. 5:23-CV-673-D, 2024 WL 1469321, at *2 (E.D.N.C. Apr. 4, 2024). Plaintiff has also failed to plausibly allege any actions by defendant which were severe or pervasive such that they would alter a privilege, term, or condition of plaintiff's employment. Plaintiff alleges that she

4

encountered hostility, skepticism, and punitive actions, but these allegations amount to either legal conclusions or conduct which is insufficient to state a hostile work environment claim. *See Manning v. N. Carolina State Univ.*, No. 5:23-CV-331-D, 2024 WL 1183066, at *11 (E.D.N.C. Mar. 19, 2024) (rudeness, criticism, and mocking insufficient to plausibly allege an ADA hostile work environment claim).

In addition, plaintiff's amended complaint does not comply with the Court's March 26, 2024, order. Plaintiff does not in her amended complaint answer each section set out in the form employment discrimination complaint or provide a specific statement regarding why her employment ended, nor has she included all documentation related to her EEOC charge. In response to the motion to dismiss, plaintiff has submitted another letter in which she contends that her employment was terminated on January 7, 2022, and that she was told it was terminated due to her failure to complete the second round of the COVID-19 vaccine. Plaintiff also contends that she has been slandered by defendant and its students stating that plaintiff is "crazy" and "delusional" and that she was falsely accused of lying.

Plaintiff may not amend her amended complaint through her response to the motion to dismiss. *Portis v. Halifax Cnty. Dep't of Soc. Servs.*, No. 4:22-CV-081-FL, 2024 WL 555881, at *2 (E.D.N.C. Feb. 12, 2024). For example, in her amended complaint, plaintiff identifies only her IBS as her disability, but in her response to the motion to dismiss she contends her position was terminated for failure to complete the COVID 19 vaccine course. Moreover, her statements in her letter/response do not rebut any of defendant's arguments in support of dismissal or provide any plausible allegations in support of her claims. Accordingly, the Court will not construe plaintiff's response to the motion to dismiss as a request to amend her amended complaint.

5

Accordingly, plaintiff has failed to state a claim upon which relief has been granted and she has failed to comply with the Court's March 26, 2024, order. For these reasons, the complaint is appropriately dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 17] is GRANTED. Plaintiff's amended complaint [DE 16] is DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this __18__ day of September 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:23-cv-00049-BO-BM   Document 23   Filed 09/19/24   Page 6 of 6